Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001332
20-APR-2018
08:25 AM

NO. CAAP-14-0001332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

LPP MORTGAGE LTD.,
Plaintiff-Appellee,
v.
JESSE NIERVA DOCTOLERO; JOAN BARENG DOCTOLERO,
Defendants-Appellants,
and
CITIFINANCIAL, INC.; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil NO. 13-1-0954)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Chan, JJ.)

Defendants-Appellants Jesse Doctolero (Jesse) and Joan
Doctolero (Joan)(collectively Appellants) appeal from the
"Findings of Fact, Conclusions of Law, Order Granting Plaintiff's
Motion for Summary Judgment Against All Parties and for
Interlocutory Decree of Foreclosure Filed November 14, 2013"
(Order Granting Summary Judgment) and the "Judgment" both entered
on October 31, 2014, by the Circuit Court of the First Circuit
(circuit court).[1]  The Order Granting Summary Judgment and

_____

[1]  The Honorable Bert I. Ayabe presided.

Judgment were entered in favor of Plaintiff-Appellee LPP Mortgage Ltd. (LPP).

On appeal, Appellants contend that the circuit court erred in granting summary judgment in favor of LPP because (1) LPP was not entitled to foreclose on Joan's interest in the subject property as she had no obligations under the promissory note (Note) that the subject mortgage secured, (2) LPP did not prove that it was in possession of the original Note, and (3) Appellants' loan modification application was pending at the time the circuit court granted summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Appellants points on appeal as follows and affirm.

(1) Appellants contend that the circuit court erred in granting LPP's motion for summary judgment, allowing LPP to foreclose on Joan's interest in the property. Appellants argue that LPP cannot enforce Jessie's obligation under the Note as to Joan's interest in the property because Joan did not sign the Note. Appellants reason that because there is no underlying debt supporting Joan's grant of a mortgage lien as to her interest in the property, the mortgage is a nullity. This argument is without merit.

On May 29, 2007, Jessie made, executed, and delivered to Accredited Home Lenders, Inc., a Note in the amount of $393,000.00. For purposes of securing payment on the Note, Jessie and Joan, as husband and wife and joint tenants, executed a mortgage (Mortgage) dated May 29, 2007, encumbering their property to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Accredited Home Lenders, Inc.

It is well established that promissory notes and mortgages are contracts. <u>Beneficial Hawaii, Inc. v. Kida</u>, 96 Hawaiʻi 289, 312, 30 P.3d 895, 918 (2001). "Contract terms are interpreted according to their plain, ordinary, and accepted

sense in common speech. The court's objective is to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety." Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 45, 305 P.3d 452, 461 (2013) (citation and internal quotation marks omitted).

Paragraph 13 of the mortgage specifically states, that:

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

The Mortgage defines "Borrower" as "JESSE NIERVA DOCTOLERO AND JOAN BARENG DOCTOLERO, HUSBAND AND WIFE, AS JOINT TENANTS," thus, explicitly designating Joan as "Borrower" under the terms of the mortgage. Further, the Mortgage provides that by signing the mortgage, "Borrower" accepts and agrees to the terms and covenants contained in the mortgage. Here, Joan initialed each page of the mortgage and signed her name above the signature line for "Borrower." The Appellants do not dispute that Joan is a "Borrower" under the terms of the mortgage or that she is not a signatory to the Note. As such, Joan is a "co-signer" pursuant to Paragraph 13 of the Mortgage, making it indisputable that Joan, while not personally liable for the sums under the Note, pledges her interest in the property to secure payment of the Note. The language in the mortgage between the Lender and both Jesse and Joan, unambiguously evidences the parties' intent to subject Joan's interest in the property to the terms of the mortgage. Joan signed the mortgage, knew the amount owed under the Note, and consented to creating a lien on the property to secure the Note.

Accordingly, we conclude that LPP is entitled to foreclose Joan's interest in the property.

3

(2) Appellants contend that LPP was not entitled to enforce the subject Note because it did not adequately prove that it was in possession of the original Note nor did it present the original Note throughout the foreclosure proceeding.

In order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject Note, at the time the action was commenced. Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367-70, 390 P.3d 1248, 1254-57 (2017).

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage.

Id., 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (further citations omitted).

In this case, LPP presented sufficient evidence to establish that it was entitled to enforce the Note at the commencement of the proceeding. On April 1, 2013, LPP filed its Verified Complaint for Foreclosure (Complaint), stating that LPP is the record assignee of the Mortgage and is entitled to enforce the Note. In support of its complaint, LPP attached a Verification of Complaint For Foreclosure (Verification) by Keith Manson (Manson), authorized signer of LPP to which several exhibits were attached, demonstrating its entitlement to enforce the Note: (1) the Note dated May 29, 2007, (2) the Mortgage executed on May 29, 2007, naming both Jesse and Joan as Borrower and Accredited Home Lenders, Inc. as Lender, (3) the Assignment of Mortgage, assigning Accredited Home Lenders, Inc.'s interest in the Mortgage to LPP, (4) the business record evidencing the loan payment history and amounts due and owning, and (5) written notice of default indicating LPP's intention to accelerate the

4

loan and to foreclose the Mortgage if the default was not cured.

The Note, which was attached to the Verification as Exhibit A, included an "Allonge to Note" containing an undated blank indorsement from Accredited Home Lenders, Inc. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Hawaii Revised Statutes (HRS) § 490:3-205 (2008). Thus, because the Note was negotiated in blank, LLP becomes the holder of the Note, entitling it to enforce the Note, by establishing that it is in possession of the Note. See HRS §§ 490:1-201 and 490:3-301 (2008).

The sworn Verification executed by Manson established that LPP had possession of the original Note, indorsed in blank, at the commencement of the foreclosure proceedings. Manson's declaration attests, in relevant part, that he is the duly authorized signer for LPP, is trained to use and understand the record keeping system utilized for the subject loan, that by Assignment of Mortgage filed on March 17, 2009, in the Land Court, MERS, as nominee for Accredited Home Lenders, Inc., assigned the mortgagee's interest in the Mortgage to LPP, that LPP is in possession of the Note, and that a true and accurate copy of the indorsed Note is attached as Exhibit A.

The evidence submitted in support of LPP's Complaint and motion for summary judgment demonstrates that LPP was in possession of the Note and allonge at the commencement of the foreclosure proceeding in this case. Therefore, there is no genuine issue of material fact that LPP established its entitlement and standing to foreclose.

(3) Finally, Appellants contend that the circuit court erred in granting summary judgment and an interlocutory decree of foreclosure while their loan modification application was still pending.

> [A] plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment. The plaintiff is only obligated to disprove an affirmative defense on a motion for summary judgment when the defense produces material in support of an affirmative defense. Generally, the defendant

5

has the burden of proof on all affirmative defenses, which
includes the burden of proving facts which are essential to
the asserted defense.

U.S. Bank Nat'l Ass'n v. Castro, 131 Hawai'i 28, 41, 313 P.3d
717, 730 (2013) (citations, quotation marks, and footnote
omitted).

In this case, Appellants attached a Declaration of
Patricia Arthur (Arthur), a loan modification assistant for
Hawaiian Homeowner Solutions, Inc., to their Memorandum in
Opposition to Plaintiff's Motion for Summary Judgment Against All
Parties and for Interlocutory Decree of Foreclosure, filed
February 11, 2014. Arthur attested that: (1) she had been
assisting the Appellants in modifying their loan with the
servicer MGC Mortgage, Inc. (servicer), (2) the first loan
modification application that she had prepared was rejected, (3)
she submitted a revised application to servicer, and (4) the
servicer had received the revised application, which is under
consideration, evidenced by letter from servicer dated January
17, 2014. In support of Appellants' memorandum in opposition to
LPP's summary judgment motion, Appellants attached the letter
dated January 17, 2014 from the servicer and other supporting
documentation.

On February 19, 2014, at the hearing on LPP's motion
for summary judgment, the circuit court continued the matter to
April 30, 2014.

On April 28, 2014, Appellants filed a supplemental
Declaration of Patricia Arthur in which she attested that the
servicer had denied the Appellants' revised application for loan
modification on March 5, 2014. Arthur further attested that
after reviewing the objections of the servicer, she had appealed
the denial of Appellants' application on April 11, 2014.

At the continued hearing on LPP's motion for summary
judgment on April 30, 2014, LPP's counsel pointed out that the
servicer's denial of Appellants' application dated March 5, 2014,
included a fourteen day appeal period, which was not met by the
Appellants' April 11, 2014 appeal. In direct response,

Appellants argued that summary judgment should not be granted because their loan modification is pending, however, did not dispute the fourteen day appeal period nor did they dispute that their appeal to the servicer's denial was not timely submitted.

Appellants did not present any evidence or documentation as to the servicer's March 5, 2014 denial, indicating that the Appellants' loan modification application was still pending.[2] Further, Appellants did not provide any evidence or argument as to their untimely appeal from the servicer's denial to their application. Based on the evidence presented, Appellants did not provide sufficient evidence as to whether their loan modification was still pending. As such, the circuit court did not err in granting summary judgment in favor of LPP.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed November 14, 2013" and the "Judgment," both entered on October 31, 2014, by the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai‘i, April 20, 2018.

On the briefs:

Hannah S. Miyamoto,
for Defendants-Appellants.

Charles R. Prather,
and Steven Idemoto,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

---

[2] At the hearing it appears Appellants' counsel handed the court a document, however it is unclear what document was presented, the contents of the document, or whether the document is part of the record on appeal.